# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RONALD MOSLEY,

                Plaintiff,      :      Case No. 3:15-cv-275

                                    District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

DAYTON POWER & LIGHT,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case was brought *pro se* and *in forma pauperis* by Plaintiff Ronald Mosley against Dayton Power & Light Company raising a claim of improper charging for utilities by DP&L (Complaint, ECF No. 2).  It is before the Court *sua sponte* for a determination of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).  Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it.

*Bingham v. Cabot,* 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction if it is challenged.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

Earlier this year, Mr. Mosley filed a prior case in this Court against DP&L raising the same issues.  *Mosley v. Dayton Power & Light Co.,* Case No. 3:15-cv-033.  In that case the Court found it lacked subject matter jurisdiction because no federal question was raised so as to support jurisdiction under 28 U.S.C. § 1331 and the parties were not of diverse citizenship so as to support jurisdiction under 28 U.S.C. § 1332.  Mosley did not object to the recommendation of dismissal on that basis and did not appeal from the final judgment.  The question of this Court's subject matter jurisdiction over this controversy has thus been finally decided and this new case is barred by the doctrine of *res judicata.*

It is therefore respectfully recommended that the Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

August 17, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).